UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DONALD CLARK, SR. and,<br>TERRI CLARK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV-07-134-B-W |
| | ) | |
| THE INHABITANTS OF THE<br>TOWN OF PALERMO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER REJECTING RECOMMENDED DECISION**

On December 28, 2007, United States Magistrate Judge Margaret J. Kravchuk issued a decision in which she recommended that the Court grant motions to dismiss filed by Defendants Town of Palermo and Matthew Evans. *Recommended Decision on Mots. to Dismiss* (Docket # 29). The Plaintiffs filed their objections on January 14, 2008, and Defendant Evans filed his objections on January 17, 2008. *Pls.' Objection to the Magistrate Judge's Recommended Decision on Defs.' Mot. to Dismiss* (Docket # 31); *Def. Matthew W. Evans's Partial Objection to the Report and Recommended Decision of Magistrate Judge Margaret J. Kravchuk* (Docket # 32) (*Evans's Obj.*). After review and consideration of the Recommended Decision, together with the entire record, the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge. The Court rejects the decision of the Magistrate Judge and dismisses the motions to dismiss. *Def. Matthew W. Evans's Mot. to Dismiss Counts III and IV of the Pls.' Compl.* (Docket # 21) (*Evans's Mot.*); *Def. Inhabitants of the Town of Palermo's Mot. to Dismiss Count III of Pls.' Compl.* (Docket # 25) (*Town's Mot.*).

This bears a word of explanation.  The Defendants elected to fight at the beachhead, moving *inter alia* to dismiss the sole count in the Complaint that provides federal jurisdiction. As the Complaint standing alone did not tell the whole story, the Defendants attached to their motions a raft of exhibits, fifteen in all.[1]  *See Evans's Mot.*  The parties then engaged in a preliminary skirmish about whether the Court should consider some or all of the documents under the *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) exception.  If the Court considered any documents, the parties further disagreed about whether the motions should be transformed into motions for summary judgment under Rule 12(d).  Fed. R. Civ. P. 12(d).

The Magistrate Judge acted decisively.  She cut the Gordian Knot by refusing to consider any of the attached documents and at the same time recommended judgment in favor of the documents proponents.  She satisfied no one.  Mr. Evans objected because Magistrate Judge Kravchuk refused to consider the documents; meanwhile, the Clarks groused that, even though she said she would not consider them, "outside matters significantly affected her view of the case."  *Pls.' Obj.* at 2; *Evans's Obj.*  The Clarks also rankled at the Magistrate Judge's comment that "the Clarks' complaint tells only about half the background story that leads to this federal case."  *Rec. Dec.* at 3; *Pls.' Obj.* at 2.  They rejoined that if they have "an opportunity to 'flesh out' the factual situation, it will become clear that Defendant Evans has also told 'only about half of the background story that leads to this federal case.'"  *Pls.' Obj.* at 2.

After studying the submitted exhibits, the law about whether to consider such exhibits in a motion to dismiss, and the law on pre-deprivation and post-deprivation due process, the Court has concluded that the case should not turn on such procedural subtleties.  A careful review of the record reveals the Defendants submitted documents which under any view of *Watterson*

---

[1] Technically, Attorney Evans was the only party to attach documents, but the Town joined in his motion.  *Town's Mot.* at 2-3.

should not be considered for purposes of ruling on the motions to dismiss, but would likely be properly considered in a motion for summary judgment.  Further, the Court concludes it would benefit from the more complete record that the summary judgment process would provide, untainted by *Watterson* objections.  Motions for summary judgment will give the parties the opportunity they both seek to place the "whole story," as they see it, before the Court and to receive a ruling on the merits.

This order does not presage the Court's ultimate view as to merits of the pending action. It solely reflects the Court's determination that its ruling on the merits should not be so procedurally constrained and instead should await a complete record.

The Court REJECTS the Recommended Decision of Magistrate Judge Kravchuk (Docket # 29); the Defendants' motions to dismiss (Docket # 21 and Docket # 25) are DISMISSED.  The Town of Palermo's initial state court motion to dismiss (Docket # 16) is also DISMISSED.

SO ORDERED.

/s/ John A. Woodcock
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2008

3